UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| TED C. KOHN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:04-CV-343-TS |
| | ) | |
| SMURFIT-STONE CONTAINER | ) | |
| CORPORATION, JASON VOGT, | ) | |
| JIM STANLEY, and | ) | |
| KENNY KNIPSCHILD, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Ted C. Kohn's Motion for Partial Summary

Judgment [DE 22], filed on June 24, 2005.

**BACKGROUND**

On September 13, 2004, the Plaintiff filed his Complaint against Defendants Smurfit-Stone

Container Corporation, Jason Vogt, Jim Stanley, and Kenny Knipschild, alleging violations of the

Family and Medical Leave Act of 1993 (FMLA), 29 U.S.C. § 2601 *et seq*. On November 5, 2004,

the Defendants filed an Answer and on December 16, 2004, filed an Amended Answer. In their

Amended Answer, the Defendants challenged the Plaintiff's standing to bring suit. They asserted

that the Plaintiff's claim accrued within the confines of his Chapter 7 bankruptcy proceedings and

that the Bankruptcy Trustee was the proper plaintiff.

On June 24, 2005, the Plaintiff moved for summary judgment on the Defendants' defense

regarding the Plaintiff's standing to sue the Defendants, asserting that his suit was not an asset of

the bankruptcy estate. On July 27 the Defendants responded and requested that the Court deny the

Plaintiff's Motion for Partial Summary Judgment as moot. The Defendants set forth their basis for believing that the lawsuit was an asset of the bankruptcy estate and amending their answer to include a defense challenging the Plaintiff's standing. The Defendants admitted, however, that further investigation caused them to determine that the discharge in bankruptcy (April 25, 2003) occurred before the Plaintiff's termination from employment (June 16, 2004), which formed the basis of his Complaint. The Defendants noted that they did not argue this defense in their own motion for summary judgment, filed on June 24, 2005.

## DISCUSSION

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

In their Amended Complaint, the Defendants raise lack of standing as a defense to the Plaintiff's suit. The party invoking federal jurisdiction bears the burden of establishing the elements of standing. *Perry v. Village of Arlington Heights*, 186 F.3d 826, 829 (7th Cir. 1999) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). The Defendants no longer contend that the Plaintiff cannot meet his burden to establish standing. They have not pursued the defense in their motion for summary judgment or otherwise.

The Court agrees that the Plaintiff's standing to bring suit is not in dispute. Accordingly, his Motion for Partial Summary Judgment is rendered moot.

2

## CONCLUSION

For the foregoing reasons, the Plaintiff's Motion for Partial Summary Judgment [DE 22] is

rendered MOOT.

SO ORDERED on August 23, 2005.


 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT